Thomas H. Nelson, OSB No. 78315 (nelson@thnelson.com)
P.O. Box 1211, 24525 E. Welches Road
Welches, OR  97067
Telephone: 503.709.6397; Fax: 503.622.3562

J. Ashlee Albies, OSB No. 05184 (Ashlee@civilrightspdx.com)
Creighton & Rose, P.C.
815 SW Second Avenue, Suite 500
Portland, OR  97204
Telephone: 503.221.1792; Fax: 503.223.1516

David D. Cole, DC Bar No. 438355 (Cole@law.georgetown.edu)
c/o Georgetown University Law Center
600 New Jersey Avenue N.W.
Washington, D.C. 20001
Telephone: 202.662.9078

Lynne Bernabei, DC Bar No. 938936 (Bernabei@bernabeipllc.com)
Alan R. Kabat, DC Bar No. 464258 (Kabat@bernabeipllc.com)
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
Telephone: 202.745.1942; Fax: 202.745.2627

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| Al Haramain Islamic Foundation, Inc., *et al.*, | Case No. 07-CV-1155-KI |
| Plaintiffs, | Plaintiffs' Memorandum re: Relief on Remand |
| v. | |
| United States Department of the Treasury, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM RE: RELIEF ON REMAND**

Plaintiffs submit this memorandum to address the remaining claims in the case upon remand from the decision of the Court of Appeals. Three claims remain at issue under the First, Fourth, and Fifth Amendments. In short, plaintiffs maintain that the Court should issue declaratory and injunctive relief with respect to the First and Fifth Amendment claims, but that further relief on the Fourth Amendment claim is not necessary at this time.

## STATEMENT OF THE CASE

This Court is familiar with the history of this case, so plaintiffs will only briefly summarize where matters stand in light of the Court of Appeals' remand. Al Haramain Islamic Foundation (AHIF-Oregon) is a 501(c)(3) tax-exempt charitable organization incorporated in Oregon.

In February 2004, OFAC unilaterally froze all of AHIF-Oregon's assets, effectively shutting down the organization. For the eight years since, AHIF-Oregon has been unable to function, because all of its assets are frozen, and it is barred from engaging in any economic transaction without OFAC approval. The initial freeze "pending investigation" was triggered by a simple letter issued by OFAC. The freeze was not predicated on a finding of probable cause, by a court or by OFAC. OFAC merely stated that AHIF-Oregon was under investigation. It did not allege that AHIF-Oregon had engaged in any wrongdoing and did not explain the substance of the investigation or the allegations underlying the investigation.

While the investigation was pending, OFAC made three disclosures of "unclassified information" that OFAC was considering in deciding whether to designate AHIF-Oregon. The vast majority of these documents did not even mention AHIF-Oregon. OFAC did not explain how the documents related to its investigation or to any potential basis for designation.

1

OFAC also relied heavily on classified evidence. OFAC refused to provide an unclassified summary of the classified documents, or to make provision for AHIF-Oregon's attorneys to review the classified documents under a security clearance, even though both measures have been undertaken in other cases in which the government has relied on classified evidence.

In September 2004, OFAC designated AHIF-Oregon as a "specially designated global terrorist," pursuant to Executive Order 13,224. Again, no warrant issued, and no court found probable cause to support the seizure. AHIF-Oregon requested reconsideration in February 2005, as the regulations permit. 31 C.F.R. § 501.807(a) (2004). For three years, OFAC did not respond. In February 2008, after AHIF-Oregon filed this lawsuit to challenge the legality of its designation, OFAC belatedly responded to AHIF-Oregon's request for reconsideration, and redesignated the organization. Once again, OFAC obtained no warrant, provided no notice, and relied largely on secret evidence.

As this Court found, OFAC did not afford AHIF-Oregon notice of the charges upon which it has been designated until it was redesignated in February 2008 – four years after its assets were frozen, three years after it was initially designated, and six months after AHIF-Oregon filed this lawsuit. This notice—the first AHIF-Oregon learned of the charges against it—came *after* OFAC had made its final decision and closed the "administrative record" in the matter. Thus, AHIF-Oregon never had an opportunity to respond.

AHIF-Oregon's suit alleged that the freeze and designation violated its Fifth Amendment due process rights because OFAC failed to provide timely and adequate notice of the charges against it, and relied on classified evidence without pursuing readily available measures that could have increased fairness without unduly compromising national security, such as providing

an unclassified summary, or giving counsel with security clearance access to the evidence. AHIF-Oregon also argued that the freeze and designation violated the Fourth Amendment because it effectuated a seizure without probable cause or a warrant, and was arbitrary, capricious and contrary to law, in violation of the Administrative Procedures Act. Co-plaintiff Multicultural Association of Southern Oregon (MCASO) maintained that the restrictions on its ability to engage in public advocacy in coordination with AHIF-Oregon violated its First and Fifth Amendment rights.

The case is now before this Court on remand from the Court of Appeals. That Court held as follows:

1) OFAC violated AHIF-Oregon's Fifth Amendment due process rights by failing to provide constitutionally adequate notice and a meaningful opportunity to respond. It specifically concluded that OFAC violated due process by relying on classified evidence without taking any steps to mitigate the unfairness of that practice, such as providing an unclassified summary of the classified evidence and/or providing access to plaintiffs' counsel subject to security clearances. The court found that these violations were harmless error, however. *Al Haramain Islamic Found. v. U.S. Dep't of Treasury,* 686 F.3d 965, 982-84, 988-89 (9th Cir. 2012).

2) OFAC violated AHIF-Oregon's Fourth Amendment rights by seizing its property without first obtaining a warrant. The Court of Appeals remanded to this Court to determine what relief, if any, would be appropriate for this constitutional violation. *Id.* at 990-95.

3) The restrictions imposed on MCASO's ability to engage in coordinated advocacy with AHIF-Oregon to protest AHIF-Oregon's treatment by the government violated MCASO's First Amendment rights. *Id.* at 995-1001.

3

4) OFAC's designation of AHIF-Oregon was not invalid on the then-existing administrative record under the Administrative Procedures Act.  *Id.* at 976-79.

OFAC sought rehearing of the Fourth and Fifth Amendment holdings, but that request was denied.  It chose not to petition the Supreme Court for certiorari.

Despite the Court of Appeals' holdings that OFAC's practices had violated three distinct constitutional guarantees, OFAC to date has not changed any of its regulations or procedures to conform to the Court of Appeals' decision.  Nor has it announced any proposed amendments to the regulations in the *Federal Register*.  Its regulations still make no provision for seeking a warrant before designating persons or entities protected by the Fourth Amendment, as the Court of Appeals held was required.  Its regulations make no provision for providing notice of the bases for OFAC's designation to persons or entities protected by the Fifth Amendment, as the Court of Appeals held was required.  Its regulations make no provision for providing unclassified summaries or access to cleared counsel where OFAC relies on classified evidence, as the Court of Appeals held was required.  In fact, in related litigation involving another listed entity, OFAC has taken the position that counsel for designated entities could not review classified evidence even if they have a security clearance because they do not have a "need to know" the information.  *See* KindHearts for Charitable Humanitarian Devel. v. Geithner, No. 3:08-cv-2400, Def. Supp. Br., at 3, 5-7 & McJunkin Decl., at ¶ 8 (ECF No. 121) (N.D. Ohio July 30, 2010) (attached hereto as Exhibit 1).

Thus, despite a finding that its status quo practices violate multiple constitutional demands, OFAC still has taken no remedial steps to bring its actions in line with the Constitution.

On August 24, 2012, AHIF-Oregon submitted to OFAC a request for reconsideration of its designation, as permitted by 31 C.F.R. § 501.807. *See* AHIF, Petition for Reconsideration (Aug. 24, 2012) (attached hereto as Exhibit 2). Among other things, AHIF-Oregon noted that:

(1) Soliman Al-Buthe, whose asserted control as a board member was cited as a basis for designation, has resigned from that position, and therefore no longer can exert any control;

(2) AHIF-Saudi Arabia, whose relationship to AHIF-Oregon was an asserted basis for designation, has now been defunct for nearly eight years, and therefore AHIF-Oregon no longer has any ongoing relationship to AHIF-Saudi Arabia, so this can no longer be a basis for designation;

(3) OFAC has not identified any instance in which AHIF-Oregon supported any designated entities, and the only examples of support to which it has pointed involved entities that were not designated, and therefore were legally permissible to support;

(4) a recent Supreme Court decision establishes that penalizing AHIF-Oregon for conduct that was legal at the time (namely, supporting entities that were *not* designated, and were therefore permissible to support) violates the Fifth Amendment;

(5) a federal judge found in a related criminal case that the United States failed to prove that AHIF-Oregon supported any terrorist activity of any kind; and

(6) the Court of Appeals' decision in this case requires OFAC to provide an unclassified summary of any classified evidence upon which it relies and to provide access to the classified evidence to counsel for AHIF-Oregon subject to a security clearance, in order to satisfy due process. *Id.*

## ARGUMENT

### I. The Parties Agree That This Court Should Issue Injunctive Relief to Protect MCASO's First Amendment Rights.

The parties agree that the following order would be appropriate to implement the Court of Appeals' decision on MCASO's First Amendment rights:

> Judgment is hereby entered for Plaintiff Multicultural Association of Southern Oregon (MCASO) on its First Amendment challenge to the content-based prohibitions in Section 2(a) of Executive Order 13224. MCASO has a First Amendment right to engage in the forms of coordinated advocacy with AHIF-Oregon that it identified in this litigation, including conducting joint press conferences, issuing coordinated press releases, holding demonstrations, contacting the government, and organizing public education activities in conjunction with AHIF-Oregon, and Defendants are enjoined from enforcing Section 2(a) against MCASO for engaging in those forms of coordinated advocacy with AHIF-Oregon.

*See* S. J. Buckingham letter to D. Cole (Sept. 7, 2012) (attached hereto as Exhibit 3). A proposed Order is attached hereto.

### II. The Court Should Issue Declaratory and Injunctive Relief With Respect to AHIF-Oregon's Due Process Rights in Connection With its Pending Request for Reconsideration.

This Court and the Court of Appeals both held that OFAC denied AHIF-Oregon due process when it redesignated it in February 2008, in response to a request for reconsideration of AHIF-Oregon's original designation. Both courts also concluded that the error was, on the existing record, harmless. But that does not negate the Courts' findings that OFAC's practices violated due process.

OFAC has taken no measures to reform its practices to bring them into compliance with the Court of Appeals' dictates, even though it chose not to seek Supreme Court review. AHIF-Oregon has now filed a new request for reconsideration with OFAC, offering new evidence and citing a number of intervening developments that relate directly to the previously asserted grounds for designation.[1] In connection with that request for reconsideration, AHIF-Oregon is constitutionally entitled, by virtue of the Court of Appeals' decision, to due process – including, specifically, adequate notice of the bases for any potential redesignation, as well as notice of any classified evidence upon which OFAC intends to rely, so that AHIF-Oregon will have a meaningful opportunity to respond. As the Court of Appeals ruled, while the classified evidence itself need not necessarily be revealed to AHIF-Oregon, OFAC must provide adequate notice, by providing an unclassified summary of the classified evidence and/or access to counsel for AHIF-Oregon subject to security clearances.

As noted above, OFAC has taken no steps to change its regulations in any way to conform them to the Court of Appeals' due process rulings. Moreover, it has taken the position in related litigation that it will oppose any access to classified evidence by counsel for a designated entity, even if that counsel has a security clearance, on the ground that counsel for the designated entity has no "need to know" the information. *See* Ex. 1, at 3, 5-7  Remarkably, and unjustifiably, OFAC takes the view that counsel for OFAC in this litigation have a need to know, but that their opposing counsel do not.

Accordingly, plaintiff faces a credible threat that, absent declaratory and injunctive relief from this Court, OFAC will again deprive it of due process in considering its request for reconsideration – just as it did on its previous consideration of AHIF-Oregon's reconsideration

---

[1] *See* Ex. 2, AHIF-Oregon Request for Reconsideration (Aug. 24, 2012).

7

request. Thus, the Court should issue declaratory and injunctive relief directing OFAC to provide AHIF-Oregon with:

(1) notice of the factual and legal basis for any potential decision to redesignate AHIF-Oregon, in sufficient detail to allow AHIF-Oregon to confront the case against it and to formulate a meaningful response;

(2) an unclassified summary of any classified evidence upon which OFAC seeks to rely for its redesignation decision, sufficient to afford AHIF-Oregon meaningful notice of the factual basis for the assertions against it and an adequate basis to formulate a response;

(3) expeditious processing of security clearances for plaintiff's counsel, and, assuming security clearances are approved, provision to cleared counsel of access to all classified evidence upon which OFAC relies for its designation.

It is not sufficient or appropriate to wait and see how OFAC responds to AHIF-Oregon's request. OFAC has already shown, by its prior actions in reviewing AHIF-Oregon's prior reconsideration request, by its failure to amend any of its procedures after the Court of Appeals held them unconstitutional, and by the positions it has taken in related litigation, that absent an order from the Court, it will continue to violate AHIF-Oregon's due process rights. If OFAC intended to comply with the Court of Appeals' holdings, it would have at a minimum begun the process of amending its practices to conform them to the Court's dictates. It has taken no such action. Therefore, only declaratory and injunctive relief can ensure that AHIF-Oregon's rights are not violated, and that it has a fair opportunity to respond.

**III.     No Further Relief is Necessary at this Time on the Fourth Amendment Claim.**

The Court of Appeals ruled that defendants violated OFAC-Oregon's Fourth Amendment rights by freezing its assets, and thereby seizing its property, without obtaining a warrant. The Court of Appeals remanded to this Court to determine what relief, if any, is appropriate. Plaintiffs have concluded that in light of the Court of Appeals' effective grant of declaratory relief through this ruling, and its simultaneous affirmance of the redesignation of AHIF-Oregon as supported by substantial evidence in the administrative record, the Fourth Amendment violation was in effect harmless error, and no further relief is needed at this time.

The Court of Appeals has effectively provided declaratory relief by finding that AHIF-Oregon's assets were unconstitutionally seized. Under some circumstances, an order that the government release the assets could be an appropriate form of relief where, as here, the assets themselves are not contraband. But the Court of Appeals' decision that AHIF-Oregon's redesignation is legally valid and supported by substantial evidence in the existing record, and therefore that the assets may legally be frozen, precludes that form of relief, at least for the moment. In effect, then, the Fourth Amendment violation was harmless error. Thus, no further relief on the Fourth Amendment claims is required at the moment.

## CONCLUSION

For all the above reasons, this Court should enter an order granting relief to plaintiffs on their First and Fifth Amendment claims. Plaintiffs submit a proposed order to specify the relief they believe is appropriate.

        Respectfully submitted,

        /s/ David Cole

        _____

        David Cole, DC Bar No. 438355
         (202) 662-9078
        Thomas H. Nelson, OSB No. 78315
         (503) 622-3123
        J. Ashlee Albies, OSB No. 05184
         (503) 221-1791
        Lynne Bernabei, DC Bar No. 938936
        Alan R. Kabat, DC Bar No. 464258
         (202) 745-1942
        *Attorneys for Plaintiffs*

DATED:  September 7, 2012

**Certificate of Service**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 100.1(b), 100.2(c), and 100.7(a), I certify that a copy of the foregoing Plaintiffs' Memorandum re: Relief on Remand was served on counsel for defendants by this Court's Electronic Case Filing system, this 7th day of September 2012.

/s/ Alan R. Kabat
_____
Alan R. Kabat, DC Bar No. 464258
Attorney for Plaintiffs