UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AL HARAMAIN ISLAMIC FOUNDATION, INC., AND MULTICULTURAL ASSOCIATION OF SOUTHERN OREGON**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE TREASURY, JACOB LEW, OFFICE OF FOREIGN ASSETS CONTROL, ADAM J. SZUBIN, UNITED STATES DEPARTMENT OF JUSTICE, AND ERIC H. HOLDER**, <br><br> Defendants. | Civil Case No. 3:07-CV-01155-KI <br><br> OPINION AND ORDER ON PLAINTIFFS' APPLICATION FOR FEES PURSUANT TO EAJA |

KING, Judge:

Plaintiffs Al Haramain Islamic Foundation, Inc., an Oregon corporation ("AHIF-Oregon"[1]), and Multicultural Association of Southern Oregon ("MCASO") challenged AHIF-

---

[1] I refer to plaintiff Al Haramain Islamic Foundation, Inc. as AHIF-Oregon throughout
(continued...)

Page 1 - OPINION AND ORDER ON APPLICATION FOR FEES

Oregon's designation as a Specially Designated Global Terrorist ("SDGT"), and the associated freezing of AHIF-Oregon's assets, by bringing suit against the United States Department of the Treasury, the Office of Foreign Assets Control ("OFAC"), the United States Department of Justice, and individuals associated with those agencies.[2]

Now, at the conclusion of the case, I have pending before me plaintiffs' Application for Fees Pursuant to EAJA. As of their latest brief, plaintiffs seek $262,746.25 in attorneys' fees and $13,457.16 in expenses for four attorneys over more than six years of litigation.

## BACKGROUND

As set out in more detail in previous opinions, defendant OFAC designated AHIF-Oregon as an SDGT pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, and its associated executive order, Exec. Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23, 2001) ("E.O. 13,224"). Al Haramain Islamic Found., Inc. v. U.S. Dep't of the Treasury, 585 F. Supp. 2d 1233 (D. Or. 2008) ("AHIF I"); Al Haramain Islamic Found., Inc. v. U.S. Dep't of the Treasury, Civil No. 07-1155-KI, 2009 WL 3756363 (D. Or. Nov. 5, 2009) ("AHIF II"); Al Haramain Islamic Found., Inc. v. U.S. Dep't of the Treasury, 686 F.3d 965 (9th Cir. 2012) ("AHIF III"). I have summarized the outcome of plaintiffs' ten claims in the following four sections.

---

[1](...continued)
this opinion to distinguish it from the world-wide organization of the Al Haramain Islamic Foundation headquartered in Saudi Arabia.

[2]The Court substitutes Jacob Lew, Secretary of the Treasury, for former Treasury Secretary Timothy Geithner.

I.       Administrative Procedures Act and Due Process Claims

OFAC froze AHIF-Oregon's assets and property on February 19, 2004, pending investigation. It was not until February 6, 2008, when OFAC "redesignated" AHIF-Oregon as an SDGT, that AHIF-Oregon received an explanation for OFAC's actions. Although I held AHIF-Oregon's redesignation was supported by substantial evidence, I found the government violated AHIF-Oregon's due process rights in delaying its notice to AHIF-Oregon about its reasons for the designation and blocking order. This due process violation was harmless, however; I found AHIF-Oregon could have done nothing to change the agency's decision to designate it.

The Ninth Circuit affirmed, but added OFAC's "failure to pursue potential mitigation measures"–such as providing an unclassified summary of the classified information or allowing AHIF-Oregon's lawyer to view documents after obtaining a security clearance–"violated AHIF-Oregon's due process rights." AHIF III, 686 F.3d at 984. Nevertheless, the Ninth Circuit agreed "the procedural due process violations related to AHIF-Oregon's support of designated persons was harmless. Even if AHIF-Oregon had enjoyed better access to classified information and constitutionally adequate notice, we are confident that it would not have changed OFAC's ultimate designation determination." Id. at 990. As a result, the Ninth Circuit affirmed my dismissal of AHIF-Oregon's due process claims, commenting that "no judicial relief is available to AHIF-Oregon." Id. at 1001.

II.      Fourth Amendment Claim

I dismissed AHIF-Oregon's Fourth Amendment claim. The Ninth Circuit reversed my ruling, finding the Fourth Amendment required OFAC to obtain a warrant to support a freeze of AHIF-Oregon's assets. AHIF III, 686 F.3d at 995.

> Specifically, the Ninth Circuit held:
>
> In summary, no exception applies to OFAC's warrantless seizure of AHIF-Oregon's assets and the seizure is not justified under a "general reasonableness" test. We therefore hold that OFAC violated AHIF-Oregon's Fourth Amendment right to be free of unreasonable seizures. Because the district court did not reach the issue of remedy and because the parties did not brief that issue before us, we remand to the district court to determine, in the first instance, what remedy, if any, is available.

Id.

On remand, AHIF-Oregon conceded the Fourth Amendment violation was harmless error because the Ninth Circuit simultaneously upheld its designation as an SDGT. AHIF-Oregon was satisfied by the Ninth Circuit's "effective grant of declaratory relief" through its ruling. Pls.' Mem. re: Relief on Remand 9, ECF 132. Plaintiffs requested a judgment stating that defendants violated AHIF-Oregon's Fourth Amendment rights by blocking its assets indefinitely without obtaining a warrant, but that the violation was harmless error. Defendants did not object to the language proposed by plaintiffs, and I entered such a judgment.

III.     MCASO's Claims

I held MCASO was entitled to judgment as to the vagueness of the term "material support" in the regulatory scheme. AHIF I, 585 F. Supp. 2d at 1269. Accordingly, I issued a declaratory judgment to MCASO as to a portion of Count X that the term "material support" is vague as it appears in E.O. 13,224, and its implementing regulations, in violation of the Fifth Amendment. Judgment, ECF 120. Defendants did not appeal the judgment. I dismissed the remainder of MCASO's First Amendment claim.

Plaintiffs appealed my dismissal of MCASO's First Amendment claim and the Ninth Circuit reversed. The court described and distinguished the Supreme Court's decision in Holder

Page 4 - OPINION AND ORDER ON APPLICATION FOR FEES

v. Humanitarian Law Project, 130 S. Ct. 2705 (2010), concluding OFAC's "content-based prohibitions on speech" violated MCASO's First Amendment right to engage in the "pure-speech activities proposed by MCASO." AHIF III, 686 F.3d at 1001.

On remand, the parties stipulated to the following judgment:

> Judgment is hereby entered for Plaintiff Multicultural Association of Southern Oregon (MCASO) on its First Amendment challenge to the content-based prohibitions in Section 2(a) of Executive Order 13224. MCASO has a First Amendment right to engage in the forms of coordinated advocacy with AHIF-Oregon that it identified in this litigation, including conducting joint press conferences, issuing coordinated press releases, holding demonstrations, contacting the government, and organizing public education activities in conjunction with AHIF-Oregon, and Defendants are enjoined from enforcing Section 2(a) against MCASO for engaging in those forms of coordinated advocacy with AHIF-Oregon.

Judgment, ECF 142.

IV.    Remaining Claims

I dismissed the remainder of plaintiffs' claims. They were: Count III (Fifth Amendment and APA challenge to limitations on the use of AHIF-Oregon's assets); Count IV (Fifth Amendment challenge alleging interference with attorney-client communications); Count V (First Amendment challenge to designation); Count VI (designation criteria, as applied to AHIF-Oregon, violated the First and Fifth Amendments); and Count VII (designation punished AHIF-Oregon for its associations in violation of the First and Fifth Amendments). These claims were not the subject of appeal.

V.    Events Following the Ninth Circuit's Mandate

The Ninth Circuit issued its mandate on March 6, 2012. AHIF-Oregon filed with OFAC a new request for reconsideration of its designation on August 24, 2012. In its request, it

Page 5 - OPINION AND ORDER ON APPLICATION FOR FEES

identified several changed circumstances which it believes warrant reconsideration of its designation as an SDGT.

The parties also undertook the court-ordered briefing on the issue remanded by the Ninth Circuit, namely the remedy for the government's violation of AHIF-Oregon's Fourth Amendment rights. In the midst of the briefing, AHIF-Oregon submitted a motion to file a Rule 15(d) supplemental complaint alleging an ongoing due process violation. I denied that motion and issued judgment for MCASO on its First Amendment claim, as set forth above, and a judgment to AHIF-Oregon on its Fourth Amendment claim, also as set forth above, but dismissed all remaining claims with prejudice. <u>Al Haramain Islamic Found., Inc. v. U.S. Dep't of the Treasury</u>, Civil No. 07-1155-KI, 2012 WL 6203136 (D. Or. Dec. 12, 2012).

## LEGAL STANDARDS

The Equal Access to Justice Act ("EAJA") provides that the court shall award attorney fees and costs to a prevailing party in any civil action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## DISCUSSION

I.   <u>AHIF's Request for Attorneys' Fees</u>

To be a prevailing party, a plaintiff must "achieve a material alteration of the legal relationship of the parties" and the "alteration must be judicially sanctioned." <u>Carbonell v. I.N.S.</u>, 429 F.3d 894, 898 (9th Cir. 2005) (quoting <u>Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.</u>, 532 U.S. 598, 604-05 (2001)).

A quick look at plaintiffs' Complaint reveals AHIF-Oregon is not a prevailing party. Out of their ten requests for relief–the thrust of which sought to vacate the designation and prompt the release of AHIF-Oregon's funds–plaintiffs achieved only a declaration for MCASO ruling a term vague and an injunction for MCASO allowing its coordinated advocacy efforts with AHIF-Oregon.

AHIF-Oregon points to the judgment on its Fourth Amendment claim as evidence of its success in the litigation. Importantly, however, AHIF-Oregon brought the claim only as a means of freeing its assets. Pls.' Supplemental Mem. 24, ECF 103 (requesting the assets be unfrozen); Pls.' Supplemental Reply Br. 13, ECF 109 ("proper remedy . . . is . . . an order that the unconstitutional designation and freeze be lifted, in order to restore the status quo"). When the designation was upheld, and the asset block deemed supported by substantial evidence, AHIF-Oregon conceded the Fourth Amendment violation was harmless error and no further relief was available. Accordingly, the judgment pronounced the violation harmless. As a result, AHIF-Oregon did not receive the benefit it sought in bringing its lawsuit. Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt., 589 F.3d 1027, 1030 (9th Cir. 2009) ("The material alteration in the legal relationship of the parties must be relief that the would-be prevailing party sought[.]").

Even if judgment for AHIF-Oregon pronouncing a Fourth Amendment violation constitutes sufficient equitable relief to support prevailing party status, such a declaration did not "modify[] the defendant's behavior in a way that directly benefits the plaintiff." Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1118 (9th Cir. 2000). The violation, although noted as such, did not require OFAC to do anything with respect to the funds it blocked. AHIF-Oregon suggests now it

Page 7 - OPINION AND ORDER ON APPLICATION FOR FEES

"enjoys the protection of the Fourth Amendment vis-a-vis any action by OFAC to freeze assets" and, if it is successful in its delisting petition, OFAC would have to obtain a warrant before freezing its assets in the future.  Pls.' Reply Br. 4, ECF 151.  However, to suggest OFAC would delist AHIF-Oregon but turn around and refreeze assets later is too conjectural to support a finding that the Fourth Amendment ruling altered the relationship between the parties in a way that *directly benefits* AHIF-Oregon.  Carbonell, 429 F.3d at 900 (require the government "to do something directly benefitting the plaintiff[] that they otherwise would not have had to do").

Additionally, I cannot accept AHIF-Oregon's argument that it obtained relief on its Fifth Amendment Due Process claim.  "A favorable determination on a legal issue, even if it might have put the handwriting on the wall, is not enough by itself.  A 'favorable judicial statement of law' . . . cannot substitute for a 'form of judicial relief,' such as declaratory judgment."  Citizens for Better Forestry v. U.S. Dep't of Agric., 567 F.3d 1128, 1133-34 (9th Cir. 2009).  AHIF-Oregon obtained a favorable statement of law–OFAC violated its due process rights–but no relief.  See Klamath Siskiyou Wildlands Ctr., 589 F.3d at 1030 ("Whatever form it takes, the 'material alteration' must consist of actual relief, not merely a determination of legal merit.").  I am also unpersuaded by AHIF-Oregon's suggestion that its voluntarily submitted request for reconsideration is the equivalent of a court-ordered remand, in which OFAC must now comply with the due process requirements laid out in AHIF III.  A court-ordered remand carries with it a judicial imprimatur, which AHIF-Oregon's voluntary request lacks.  See Citizens for Better Forestry, 567 F.3d at 1132 (must have "judicial imprimatur on the change" to qualify as "prevailing party").

Finally, while MCASO prevailed on its claims, I reject AHIF-Oregon's argument that those claims involved the same facts and were so related to the failed claims as to warrant an award for all of the requested attorneys' fees. It is true plaintiffs may obtain attorneys' fees for "unsuccessful claims" if they involved a common core of facts as the successful claims. Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983); Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir. 1995) (noting "the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury upon which the relief granted is premised"). Here, MCASO challenged the designation statute and regulations as vague and overbroad, and as restricting its ability to advocate for and work with AHIF-Oregon in the designation challenge. MCASO's successful challenge, then, focused not on whether AHIF-Oregon's designation was legal, but rather on what speech MCASO could make on behalf of and with AHIF-Oregon *despite* the designation.

So, while plaintiffs are correct that MCASO would have benefitted from a finding setting aside AHIF-Oregon's designation, that is not the test. Instead, applying the test set out in Odima, the relief AHIF-Oregon sought on its unsuccessful claims was intended to remedy a course of conduct (the designation) separate from the course of conduct that gave rise to the successful claim (designation *law* violated the Constitution). 53 F.3d at 1499. It was not AHIF-Oregon's designation that violated MCASO's Constitutional rights. Since the successful claims are unrelated to the failed claims, a full award of fees is not warranted.

I need not address AHIF-Oregon's argument that the defendants' positions were not substantially justified. AHIF-Oregon is not entitled to attorneys' fees or costs.

Page 9 - OPINION AND ORDER ON APPLICATION FOR FEES

II.     MCASO's Request for Attorneys' Fees

Because MCASO's claims were so factually and legally separate from AHIF-Oregon's, and because MCASO was a prevailing party on its own claims, I believe it is appropriate to consider whether fees are owed to MCASO under EAJA.  The only question is whether the government's position was substantially justified.

The test for determining whether the government was substantially justified is whether its position had a reasonable basis both in law and fact.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995).  Substantial justification means justified to a degree that could satisfy a reasonable person.  Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990).  The burden is on the government to prove substantial justification.  Flores, 49 F.3d at 569-70.

The government has not met its burden.  I found the term "material support" in E.O. 13,224 to be vague; the government offered definitions for the term in its briefing that I characterized as "confusing."  AHIF I, 585 F. Supp. 2d at 1269.  Additionally, the Ninth Circuit unanimously concluded the government failed to offer compelling reasons for restricting MCASO's First Amendment rights.  In support of its conclusion, the court noted "little evidence that the pure-speech activities proposed by MCASO on behalf of the domestic branch [of AHIF] will aid the larger international organization's sinister purposes[.]"  AHIF III, 686 F.3d at 1001. The government did not seek rehearing en banc or petition for certiorari on this claim.  It agreed to the injunction language proposed by plaintiffs.

I have already concluded MCASO's success was unrelated to AHIF-Oregon's failed claims. As a result, I do not grant the entire request. Frankly, even looking at the unredacted billing statements submitted *in camera*, I could not calculate a considered discount as it is impossible to determine how much each attorney spent on MCASO's claims. At plaintiffs' invitation, I have considered the number of pages covering MCASO's successful claim–6 pages, representing 6.42% of the case–to calculate a fee award that I think accurately reimburses plaintiffs' counsel for their time. Accordingly, based on the updated fee request, MCASO is entitled to $16,868.31 in attorneys' fees. As for costs, plaintiffs included their costs of appeal when the Ninth Circuit explicitly ordered each party to bear their own costs of appeal. Accordingly, subtracting costs of appeal from plaintiffs' request, plaintiffs are entitled to 6.42% of $5,613.38, resulting in an award of $360.38 in costs.

## CONCLUSION

For the foregoing reasons, plaintiffs' Application for Fees Pursuant to EAJA [143] is granted in part and denied in part. MCASO is entitled to $16,868.31 in attorneys' fees and $360.38 in costs.

IT IS SO ORDERED.

DATED this __21st__ day of August, 2013.

          /s/ Garr M. King
          Garr M. King
          United States District Judge